NO. 07-00-0561-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 9, 2001

_____

GABRIEL GARZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-431453; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

**ABATEMENT AND REMAND**

Pursuant to a plea of guilty, appellant Gabriel Garza was convicted of burglary of a habitation with intent to commit theft and punishment was assessed at ten years confinement, probated for five years. Upon the State's application, community supervision was revoked for violations of the terms and conditions thereof, and the original punishment

of 10 years confinement was imposed. After appellant perfected his appeal, the clerk's record was filed on February 5, 2001. Three motions for extensions of time in which to file the reporter's record were previously granted because the court reporter, Ms. Vicki Laing explained that counsel for appellant, Mr. Anthony Williams, had not made arrangements to pay for the record. By letter dated April 6, 2001, this Court requested Mr. Williams to explain within 15 days why he had failed to communicate with Ms. Laing regarding the reporter's record. Mr. Williams did not respond. On May 7, 2001, Ms. Laing filed her fourth motion for extension of time in which to file the reporter's record.

We now abate this appeal and remand the cause to the trial court for further proceedings. Ms. Laing's fourth motion for extension of time is held in abeyance until such time as this appeal is reinstated. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.   whether appellant desires to prosecute the appeal, and if so,

2.   whether appellant has been denied effective assistance of counsel; and

3.   whether appellant is indigent and entitled to a free reporter's record and appointment of new counsel.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant desires to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel,

which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday June 29, 2001.

It is so ordered.

Per Curiam

Do not publish.

3